HENRY C. NOBLE et al., Plaintiffs in Error, v. JONATHAN BRINSON et al.

Division One, December 23, 1910.

1. **APPEAL: No Motion for New Trial: Supplemental Abstract.** Where the printed abstract of the record proper does not show that a motion for a new trial was filed, appellant will not be permitted, after respondent has filed objections pointing out this defect in the abstract, to amend it, or to file a supplemental abstract, showing that the record of the trial court shows that such motion in fact was filed; and that must be the ruling, although the bill of exceptions filed in the cause shows that the motion was filed in due time. And where the record proper fails to show that a motion for a new trial was filed, the appellate court cannot consider that motion or any matter of exception.

2. ————: ————: **Record Proper: Quieting Title: Defective Judgment.** Though the printed abstract of the record proper fails to show that any motion for a new trial was filed and for that reason the motion cannot be considered in the appellate court, yet the record proper may be considered, a part of which is the judgment, and if it shows a judgment defective on its face it will be reversed. And in a suit to quiet title, where the judgment adjudges plaintiffs (who are appellants) to be owners of ten-twelfths of the land, and recites that one defendant was duly served but made default, and adjudges to him one-twelfth of the land, subject to certain advancements, the judgment will be reversed as to him, but not as to the other defendant who did not default and to whom was adjudged another twelfth.

Error to Holt Circuit Court.—*Hon. Wm. C. Ellison,* Judge.

REVERSED AND REMANDED (*with directions*).

*H. S. Kelley* and *Frank Petree* for plaintiffs in error.

*J. M. Davis & Son* for defendants in error.

WOODSON, J.—This is a suit, instituted under
section 650, Revised Statutes 1899, to quiet title to a
certain tract of land situate in Holt county, Missouri,
particularly described in the pleadings.   A trial was
had before the court, and the decree was for plaintiffs
for an undivided ten-twelfths thereof, and in favor of
defendants Richards and William Huiatt for one undi-
vided twelfth each.    From that judgment plaintiffs
sued out a writ of error from this court.

I.   Counsel for defendant W. H. Richards timely
raised the point that the printed abstract of the record
proper filed in this court by plaintiffs does not show
that any motion for a new trial was filed in the case.
Counsel for plaintiffs confess that the abstract of the
record proper does not show that such motion was filed,
and then filed in this court a motion praying leave to
file an additional or supplemental abstract showing
that the record proper does show that said motion was
filed and in due time.   This motion is vigorously op-
posed by counsel for said defendant.   However, the bill
of exceptions filed in the cause shows that the motion
for a new trial was filed in due time.   Upon that show-
ing counsel for plaintiffs insist that the court should
grant them leave to file a supplemental abstract supply-
ing the defect suggested in the record.

The uniform ruling of this court, except in very
rare cases, of which this is not one, has been that the
abstract cannot be amended after objections have been
filed pointing out its insufficiency, otherwise the bene-
ficial object of the rule would be practically destroyed,
for the reason that if when the deficiencies are suggest-
ed the opposite party should be permitted to amend
the same, then the time and labor consumed by this
court and counsel in investigating the matter would be
totally lost; and, if permitted, the party in default
would not be inconvenienced or suffer loss by reason of

having failed to comply with the rules of the court, but would encourage loose practice in that regard.

Moreover, in those cases where the party relies exclusively upon his motion to dismiss, which he has a perfect right to do, and files no brief and argument upon the merits of the case, the cause, if leave to amend should be granted, would have to be continued in order that the moving party might have an opportunity to prepare his case for hearing upon its merits. That would lead to delays, disarrange the docket and cause endless confusion in the administration of the law. Such a practice should not be tolerated, and does not prevail in this court, as is shown by the numerous cases decided by us.

II. This brings us to the consideration of defendant's motion to dismiss the cause because the abstract of the record proper fails to show that a motion for a new trial was filed.

Under the rulings of this court, the record proper must show that a motion for a new trial was filed before we have any right to consider it, or to review any matter of exception preserved in the record. [Harding v. Bedoll, 202 Mo. 625; Stark v. Zehnder, 204 Mo. 442; Pennowfsky v. Coerver, 205 Mo. 135.] But, independent of those rulings, counsel for plaintiffs earnestly insist that, since the bill of exceptions shows that the motion for a new trial was in fact filed, the motion to dismiss should be overruled, for the reason that when the bill of exceptions was signed, sealed, filed and made a part of the record, it then became of equal dignity with the record proper, and should carry absolute verity with it as regards the filing of the motion, as it does of the contents of the motion itself and of other matters contained therein.

Speaking individually, the technical and hair-splitting difference between what matters should be preserved in the record proper and what in the bill of exceptions is of such little importance and so devoid of

all real substance, that I think, under the spirit and liberal provisions of our code, it should be disregarded. The two taken together constitute the record of the case, and the books are full of cases which show that the bill of exceptions not only is of equal dignity and entitled to the same verity that is accorded to the record proper, but in numerous instances controls the latter. Beyond that, this court has repeatedly held that the mere handing of a motion to the clerk of the court with a request to file the same constitutes a valid filing of the instrument, and that it was wholly immaterial whether the clerk had ever marked it filed or not. And, in addition, we have held that said unmarked motion found among the files of the case, the bill of exceptions, and any other papers bearing upon the question might be used as evidence upon which to base a *nunc pro tunc* order showing such filing. That being true, then when in a case like this where the bill of exceptions, which is a part of the record, bearing absolute verity, shows that the motion for a new trial was filed, it seems to me to be "sticking in the bark" and casting substance away for useless formality.

Do not misunderstand me. I do not mean to say that a motion for a new trial ought not to be filed, or that it need not appear upon the record proper of the court where so filed; but the point I am trying to make is, that where that fact actually exists, then it is entirely immaterial in so far as this court is concerned whether that fact appears in the record proper or in the bill of exceptions. Both are of equal verity, and in my opinion when a matter appears in either that should be sufficient to authorize this court to act thereon.

The bench and bar know what entries should appear of record proper and what in the bill of exceptions; and in the absence of a showing to the contrary, when a matter appears in the record, we should presume it was preserved in the proper receptacle.

Since, however, this matter is controlled by the rules of the court, adopted by the Court in Banc, I, being only one of the seven members constituting it, am powerless to abrogate the same, or to extricate the plaintiffs from the embarrassing position in which they find themselves.

However, the motion to dismiss must be overruled, for the reason that the record proper is here for consideration excepting the entry showing the motion for a new trial was filed. Upon that condition of the record it becomes our duty to inspect the pleadings and judgment; and if the former present a cause of action, and the latter is predicated thereon and responsive to the issues joined, then it becomes our duty to affirm the judgment.

We have inspected the pleadings and judgment in the case, and find that the former present a good cause of action and defense, and that the judgment is responsive thereto. However, we discover an error upon the face of the judgment, namely, that William Huiatt was duly served but came not, and made default; notwithstanding that fact the judgment gave him an undivided one-twelfth of the land in controversy, subject to certain advancements made to him by his grandfather during his lifetime. Clearly this was reversible error in so far as William Huiatt was concerned, but that in nowise affects the validity of the judgment as to defendant Richards.

We, therefore, reverse the judgment and remand the cause to the circuit court with directions to enter judgment for the defendant Richards for an undivided one-twelfth interest in the land found by the court to belong to him, subject to the advancements mentioned in the petition and reply and to enter judgment for plaintiffs against all the defendants for the other eleven-twelfths of the land, as prayed.

*Graves, J.,* concurs *in toto; Lamm, P. J.,* and *Valliant, J.,* concur in result.