STATE OF MISSOURI at the Relation of LEWIS C. SCHNEIDER v. T. S. BOURKE ET AL., successors to FRANCIS M. McCALLUM ET AL., as the State Board of Health, Appellants.—89 S. W. (2d) 31.

Division One, December 18, 1935.

*Roy McKittrick,* Attorney General, and *Harry G. Waltner, Jr.,* Assistant Attorney General, for appellants.

*Thomas B. Ray* for respondent.

COLLET, J.—The State Board of Health and the members thereof appealed from the judgment of the Circuit Court of Jackson County making permanent its preliminary rule of mandamus requiring that board to issue to respondent Louis C. Schneider, a license to practice medicine. A history of the case and the facts necessary for the determination of this appeal follow:

On January 2, 1929, the State Board of Health granted respondent a license to practice medicine in Missouri. Almost immediately thereafter the board was informed that respondent was under indictment in the Federal Court charged with unlawfully dispensing narcotics. The newly issued license was either voluntarily surrendered or taken from respondent by the secretary of the board. It is immaterial in which manner the board obtained possession of the license. On March 19, 1929, respondent was served with a notice stating that he was charged with dealing illegally in narcotic drugs and directing him to appear before the Board of Health April 17, 1929, to answer the charge. The indictment against respondent was dismissed March 26, 1929. On April 17, 1929, the board held its hearing at which evidence was offered in support and in defense of the charge. This hearing resulted in the revocation of respondent's license by the Board of Health. No application was made for the statutory review of the board's action provided for by Section 9120, Revised Statutes 1929. Respondent thereafter made numerous personal applications and requests to secure the return

of the license. Failing in that effort he instituted this action in the Circuit Court of Jackson County on October 21, 1931. It is unnecessary to describe the petition further than to say that it charged appellants with taking respondent's license from him because of the pendency of the Federal charge and unlawfully refused to return it upon the dismissal of those charges, and sought a rule in mandamus requiring the Board of Health to issue the license. The preliminary rule was issued which was, after a trial, made absolute and a final judgment entered commanding appellants to issue the license. From that judgment appellants appeal. Various assignments of error are made, only one of which it is necessary to consider.

Appellants contend that respondent had an adequate remedy by certiorari to review the action of the Board of Health revoking the license and that therefore mandamus will not lie. That position is well taken. This court in State ex rel. v. McKee, 150 Mo. 233, 1. c. 243, 51 S. W. 421, said:

"Furthermore, the writ of mandamus cannot be made to perform or to usurp the functions of an appeal or writ of error. Where the matter is reviewable by appeal or writ of error, and where the party may obtain redress in the ordinary course of judicial proceedings, mandamus will be refused."

Again in State ex rel. v. Ross, 245 Mo. 1. c. 44, 149 S. W. 451, this court en banc said:

"Is relator entitled to relief by writ of mandamus, under the facts of this record? We are of the opinion that he is not. Mandamus is an extraordinary writ and will be granted only when the relator, as alleged in the petition in this case, is without 'other legal remedy.' This principle of law is well established, and the decisions of this court are in full accord with it. As said by this court in the case of State ex rel. v. McAuliffe, 48 Mo. 1. c. 114: 'The principle is unquestioned, laid down by the text-writers and established by the adjudged cases, that mandamus will only lie where the relator has a specific right and the law has provided no other specific remedy.' [See, also, State ex rel. v. Engelmann, 86 Mo. 1. c. 561; State ex rel. v. Smith, 104 Mo. 661; 2 Spelling on Extraordinary Remedies, 1374; 26 Cyc. 175; 19 Am. & Eng. Ency. Law (2 Ed.) 745.]"

In the case of State ex rel. v. Homer, 150 Mo. App. 325, 1. c. 329, 130 S. W. 510, is found the following statement of the rule:

"The proceeding by mandamus is an extraordinary remedy and, therefore, never allowed when another adequate remedy at law in simpler form may be pursued to the end of rectifying the identical grievance complained of. [19 Am. & Eng. Ency. Law (2 Ed.) 245.] On this principle the rule universally obtains that where a complete remedy may be had by means of appeal, writ of error or certiorari, mandamus will not lie. [19 Am. & Eng. Ency. Law (2 Ed.) 745, 750; Williams v. Judge of Cooper Court of Common

Pleas, 27 Mo. 225; State ex rel. Carroll v. County Court of Cape Girardeau, 109 Mo. 248, 19 S. W. 23.]''

In the late case of State ex rel. Townsend v. Holtcamp, 330 Mo l. c. 1104, 55 S. W. (2d) 428, this court en banc again said: ''The writ of mandamus cannot be made to perform or usurp the functions of an appeal or writ of error.'' [Citing State ex rel. v. Mc-Kee, supra.]

A number of cases are cited by respondent in which mandamus has been resorted to for the purpose of compelling the Board of Health to issue a license to practice medicine where that board improperly refused to issue the license on application or had revoked a license without good cause, but those cases are no longer applicable for the following reasons:

Prior to the Amendment in 1907 of what is now Section 9120, supra, there was no provision made by the statute for a review of or appeal from the act of the Board of Health refusing to issue a license or revoking one theretofore issued. The first appearance of this right in the statute law was contained in the act of the Legislature approved April 4, 1907. [Laws 1907, p. 359.] By that amendment the right to appeal from the decree, decision or judgment of a board revoking a license was given. The statute in its present form was enacted in 1909. [Laws 1909, p. 669.] By the latter amendment the right to have the action of the Board of Health reviewed by certiorari was substituted for the right of appeal.

None of the cases cited by respondent (State ex rel. McAnally v. Goodier, 195 Mo. 551, 93 S. W. 928; State ex rel. v. Adcock, 206 Mo. 550, 105 S. W. 270; State ex rel. Hultz v. Bowman (Mo. App.), 294 S. W. 107; State ex rel. Spriggs v. Robinson, 253 Mo. 271, 161 S. W. 1169; State ex rel. Johnson v. Clark, 288 Mo. 659, 232 S. W. 1031) involved the adequacy of the remedy provided for in Section 9120, supra, or the right to substitute mandamus for that remedy. Hence they are not in point on this question.

This court held in State ex rel. Lentine v. State Board of Health, 334 Mo. 220, 65 S. W. (2d) 943, that the statutory writ of certiorari provided for by Section 9120, supra, is much broader in its scope and effect than the common-law writ of certiorari. The remedy afforded respondent by the statute (Sec. 9120) being adequate, mandamus will not lie.

For the reasons above stated the judgment is reversed. All concur.