S. MONROE GRAVES *vs.* SCHOOL COMMITTEE OF WELLESLEY.

Norfolk.    February 2, 1937. — December 27, 1937.

Present: RUGG, C.J., FIELD, DONAHUE, & LUMMUS, JJ.

*School and School Committee. Practice, Civil,* Reservation and report. *Mandamus. Evidence,* Presumptions and burden of proof. *Words,* "Substantiated."

Upon a reservation and report to the full court by a single justice, in his discretion and without decision, of a petition for a writ of mandamus and a demurrer thereto, the question to be determined was whether the petitioner was entitled to prevail as matter of law on the facts well pleaded in the petition.

A hearing under G. L. (Ter. Ed.) c. 71, § 42, as amended by St. 1934, c. 123, is in the nature of a judicial investigation after preferment of charges and notice, and the establishment of sufficient cause for dismissal by adequate evidence is required.

A dismissal of a superintendent of schools employed by a town at discretion was not in conformity with the requirements of G. L. (Ter. Ed.) c. 71, § 42, as amended by St. 1934, c. 123, where the school committee notified him that they had chosen his successor before even

intimating to him that they proposed to dismiss him, and later gave him a hearing at which they introduced no evidence in support of charges made against him.

Mandamus will lie to enforce compliance with the provisions of G. L. (Ter. Ed.) c. 71, § 42, as amended by St. 1934, c. 123, in the dismissal of a teacher.

Disbelief by a school committee of evidence favorable to a teacher at a hearing on the question of his dismissal under G. L. (Ter. Ed.) c. 71, § 42, as amended by St. 1934, c. 123, is not the equivalent of evidence to support the charges against him.

PETITION for a writ of mandamus, filed in the Supreme Judicial Court for the county of Norfolk on August 3, 1936.

The case was reserved and reported by *Lummus*, J.

*L. Withington,* (*C. A. Bunker* with him,) for the respondents.

*E. F. McClennen,* (*L. Kaplan* with him,) for the petitioner.

RUGG, C.J. The petitioner, by this petition for a writ of mandamus, seeks to be reinstated in the office of superintendent of schools of Wellesley, and other incidental relief. The petition was heard by a single justice, not on the facts, but on the demurrer of the respondents contained in their answer. In the exercise of his discretion the single justice, without decision, reserved and reported to the full court the question arising on the demurrer. That question on this form of reservation is whether the petitioner as matter of law is entitled to prevail on the facts well pleaded in the petition, which for present purposes are admitted by the demurrer to be true. *Boucher* v. *Salem Rebuilding Commission,* 225 Mass. 18. *Police Commissioner of Boston* v. *Boston,* 239 Mass. 401, 406. *Lawrence* v. *Board of Registration in Medicine,* 239 Mass. 424, 427. *School Committee of Lowell* v. *Mayor of Lowell,* 265 Mass. 353, 354. *Moustakis* v. *Hellenic Orthodox Society,* 261 Mass. 462, 464. *Clancy* v. *Wallace,* 288 Mass. 557, 559. *D. N. Kelley & Son, Inc.* v. *Selectmen of Fairhaven,* 294 Mass. 570, 574.

The essential facts set forth in the petition are these: The petitioner had been employed since 1914 as superintendent of schools in Wellesley, and in 1935 was holding that position on tenure at the discretion of the respondents under the provisions of G. L. (Ter. Ed.) c. 71, § 41, and

was not subject to dismissal except in conformity to § 42 of said chapter as amended by St. 1934, c. 123. In July, 1935, the chairman of the respondents asked the petitioner to resign but the petitioner refused. In October, 1935, the respondents wrote the petitioner urging him to resign before the expiration of the current school year which would occur in June, 1936. In February, 1936, the respondents at a meeting stated to the petitioner that they could no longer wait for his resignation, that candidates for his position had been interviewed, and that another had already been appointed to succeed him. Early in March, 1936, the petitioner was notified that it was the intention of the respondents to vote at a meeting to be held on April 7, 1936, that his employment would be terminated on July 31, 1936. The petitioner on March 12, 1936, requested a "written statement of the charge or charges of the cause or causes" for which his dismissal was proposed and he also requested a hearing. Under date of April 1 the chairman of the respondents sent to the petitioner a letter of the following tenor: "In reply to your request for the reasons leading to your dismissal, we will say that they include the following: Your failure and apparent inability to create and maintain the school system as one continuous and consistent whole, rather than as three separate units, viz: elementary schools, junior high school and senior high school. Your reluctance and unwillingness to cooperate with the school committee in carrying out their policies in the handling of school matters. Your failure to deal frankly with the committee and to inform them voluntarily, freely and fully of conditions in the schools. Your failure to a large extent to inspire in the citizens with whom you come in contact a feeling of confidence and trust in your management of the schools. Your failure to exercise sufficient supervision of the teaching staff and the work of the individual teachers, and your undue concentration on administrative matters, and your failure to handle even such matters without referring them to the committee. Your failure to recognize that the statutes impose the duty, responsibility and authority to run the schools upon the school committee and

that the superintendent is employed to act as the agent of the committee in performing that duty. Your inability or unwillingness to recognize the defects in the present school system and to take the necessary steps to remedy them. Your failure to furnish the professional leadership expected from the superintendent of schools. Our belief that the interests of the town and the welfare of its public schools will be best served by your retirement. Our belief that lack of harmony and cooperation between the superintendent and the committee is detrimental to the welfare of the schools. Our belief that a better school system and one more satisfactory to the town can be secured with the assistance of some superintendent other than yourself. Our belief that it will be impossible for the town to obtain the benefit of the recent survey by the adoption of its suggestions for improvements if you continue to be superintendent. Our belief that with the per pupil cost of the Wellesley High Schools almost the highest in the state the results should be well above average, which the survey shows is not the case."

The petitioner answered stating that the reasons given were too general to enable him to prepare his defence and requesting specifications of details as to which his work had been unsatisfactory. This request was refused but the chairman of the respondents wrote that in order to assist the petitioner better "to understand some of our charges" it might be added: "The findings of the Survey Committee respecting (a) the lack of proper sequential order of study in the schools, and (b) the improper and inadequate articulation of the high schools, together with the facts brought out at the meeting of our school principals with the school committee held at the beginning of the present school term, surely reflect conditions which have existed in our schools with your sanction over a period of years. Your failure to deal frankly with the committee was revealed to you in great detail when, during the past summer, we suggested that you present your resignation. Your inability to inspire confidence in the citizens generally with whom you have come in contact, and, we might also add,

with those officials of the Town with whom you, as the executive head of the schools, likewise have had to do, is a matter that has repeatedly come to the attention not only of this committee but also its predecessors in office. The Survey will also point out conditions prevailing in our schools which are made the bases of other charges and which conditions have existed with your knowledge without any serious endeavor on your part to remedy or remove them." Hearings were held by the respondents on April 13, 23, 25 and 26, 1936. On April 27, 1936, the respondents passed the following vote: "That S. Monroe Graves be dismissed as Superintendent of the Wellesley Schools, effective as of July 31, 1936." One of the respondents who presided over these hearings announced that it was the intention of the respondents not to call any witnesses or produce other evidence in support of the alleged charges, and they called no witnesses and produced no other evidence in substantiation of the so called charges. Testimony and other evidence were introduced by the petitioner in contradiction to and refutation of the alleged charges. Much "evidence of a documentary nature and exhibits in the form of reports and other literature," favorable to the work of the petitioner, were introduced which the respondents did not read or examine. All testimony and evidence presented were favorable to the petitioner and the alleged charges as stated by the respondents were not substantiated in any degree as required by St. 1934, c. 123.

It is plain that prior to the enactment of St. 1934, c. 123, whereby G. L. (Ter. Ed.) c. 71, § 42, was amended, the dismissal here assailed would have been within the power of the school committee. That is settled by *Corrigan* v. *School Committee of New Bedford,* 250 Mass. 334. Said c. 123 applies to a town such as Wellesley and so far as here material is in these words: "In every such town a teacher or superintendent employed at discretion under the preceding section shall not be dismissed, except for inefficiency, incapacity, conduct unbecoming a teacher or superintendent, insubordination or other good cause . . . nor unless, if he so requests, he shall have been furnished by the com-

mittee with a written charge or charges of the cause or causes for which his dismissal is proposed; nor unless, if he so requests, he has been given a hearing before the school committee which may be either public or private at the discretion of the school committee and at which he may be represented by counsel, present evidence and call witnesses to testify in his behalf and examine them; nor unless the charge or charges shall have been substantiated; . . ." Thus a material alteration was made in the governing statute. Prior to 1934 no judicial investigation was required as a prerequisite to removal. The committee in good faith could, by the requisite majority, dismiss a superintendent of schools without legal cause. After the enactment of said c. 123 the procedure for dismissal resembled that required by G. L. (Ter. Ed.) c. 31, §§ 43 and 45, in ending the employment of persons in the classified public service and police officers whose tenures were protected by the civil service laws (see G. L. [Ter. Ed.] c. 31, § 42A). Proceedings under those sections partake of the nature of a "judicial investigation." *McCarthy* v. *Emerson*, 202 Mass. 352, 354. *Stiles* v. *Municipal Council of Lowell*, 233 Mass. 174, 181. Such an officer as the petitioner can be dismissed in conformity to the statute only on certain specified grounds or for "other good cause." These conditions mean that "removal is not authorized without notice and hearing . . . . The term removal 'for cause' means removal 'for cause sufficient in law. That can only be determined after an opportunity to be heard and a finding so that the sufficiency of the cause may be determined in court.'" *Corrigan* v. *School Committee of New Bedford*, 250 Mass. 334, 338. The allegations of the petition already recited show that the respondents did not proceed as required in a judicial investigation. Before they gave the petitioner any intimation of their intention to dismiss him, they notified him that they had already appointed his successor. Manifestly this was not in accordance with a judicial investigation.

The course of procedure by the respondents was not in conformity to the requirements of St. 1934, c. 123. It is

doubtful whether there was a written formulation of definite and specific acts showing a good cause for dismissal sufficiently concrete in nature to be susceptible of proof at a hearing. The case at bar in this respect is quite distinguishable from *Rinaldo* v. *School Committee of Revere*, 294 Mass. 167. Of course the nicety of a criminal indictment is not required. Considerable latitude is given to the school committee in stating grounds for dismissal but they must amount to a good cause. *McKenna* v. *White*, 287 Mass. 495. The allegations of the petition are categorical to the effect that the respondents called no witnesses and introduced no evidence and that no evidence was introduced unfavorable to the reputation, standing, efficiency, or competency of the petitioner, or that substantiated any of the alleged charges of the respondents, but that all the evidence was in support of the petitioner's contention that he had faithfully and efficiently performed his duties as superintendent of schools. These averments of the petition cannot be treated as vain assertions, because the respondents by their demurrer have admitted the truth of them for the purposes of this proceeding.

A mandate of said St. 1934, c. 123, is that there can be no removal "unless the charge or charges shall have been substantiated." The word "substantiated" has been defined to mean "to establish the existence or truth of, by true or competent evidence." *State* v. *Lock*, 302 Mo. 400, 412. That is the signification in common usage of the word employed in the governing statute. There is no provision for a review of the good cause found by the school committee by a district court judge, as in cases arising under G. L. (Ter. Ed.) c. 31, §§ 43, 45, and in such instances mandamus will lie to enforce compliance with the statute. *Peckham* v. *Mayor of Fall River*, 253 Mass. 590. The respondents called no witnesses and offered no evidence. The witnesses called by the petitioner may have been disbelieved but it is alleged that their testimony was wholly favorable to the petitioner. Disbelief of their testimony is not the equivalent of evidence in support of the charges produced by the respondents. While the decision whether proper charges

have been substantiated rests with the school committee, an affirmative decision can be rendered only when the truth of the charges has been supported by evidence adequate in law to warrant that conclusion. There is no incompatibility in such a finding made by the person or tribunal which has formulated the charges. Executive and judicial faculties may be combined in one body of men. *Swan* v. *Justices of the Superior Court*, 222 Mass. 542.

The result is that evidence has not been disclosed on the record which warranted a dismissal of the petitioner. No one of the charges made by the respondents appears to have "been substantiated." There has been no "judicial investigation" such as is required by St. 1934, c. 123. There has been no compliance with essential provisions of St. 1934, c. 123. That statute in substance and effect required a hearing upon evidence. Nothing can be treated as evidence which is not introduced as such. *Baltimore & Ohio Railroad* v. *United States*, 264 U. S. 258. Charges cannot be substantiated without supporting evidence. *American Employers' Ins. Co.* v. *Commissioner of Insurance*, 298 Mass. 161, 166–167. The general demurrer must be overruled. It is not necessary to examine the special demurrers.

*Demurrer overruled.*