173 P.2d 612

**STAPLETON v. HUFF et al.**

No. 4934.

Supreme Court of New Mexico.

Oct. 17, 1946.

Dailey & Rogers, Jethro S. Vaught, Jr., and N. L. Stedman, Jr., all of Albuquerque, for appellant.

Martin A. Threet, of Albuquerque, and Robert W. Ward, Asst. Atty. Gen., for appellees.

LUJAN, Justice.

Petitioner-appellant filed a petition in the lower court seeking a writ of mandamus against the State Board of Education, Socorro Municipal Board of Education, and Rex F. Bell, as Superintendent of the Socorro Public Schools, respondents-appellees, to compel them to tender him a written contract to teach school in the City of Socorro, New Mexico, for the school year 1945–46, which he claims was renewed by operation of law. The case was tried upon the pleadings, with the result that the trial court quashed the alternative writ theretofore entered and dismissed the petition. Plaintiff appeals.

The record discloses that appellant is the holder of a professional teacher's certificate and that he taught in the city schools of Socorro, New Mexico, continuously for twenty two years prior to the filing of his petition.

The lower court made the following findings of fact:

"1. That on the 3rd day of May, 1945, the Petitioner Ernest Stapleton, was given notice in writing by the Socorro Municipal Board that his contract would not be renewed, said notice specifying a time and place of hearing.

"2. That on the 22nd day of May, 1945, he appeared in person and by counsel for the promised hearing, but he was not confronted with the witnesses against him and the hearing was not a public hearing. That he appealed to the State Board and the so-called hearing which they granted him was similar to the one granted by the Local Board, in that the witnesses testifying against him did not so testify in his presence, and he was again denied the right to cross examine the witnesses appearing against him."

Applying the law to the facts so found, the court concluded:

"1. That the hearing conducted by the Socorro Municipal Board of Education on May 22nd, 1945, was not held in the manner required by Chapter 60 of the Laws of 1943.

"2. That petitioner was entitled to a trial and hearing de novo before the State Board of Education, and having taken an appeal from the action of the Socorro Municipal School Board he waived any error committed by the respondent, the Socorro Municipal School Board.

"3. That the hearing held by the State Board of Education was not held in the manner required by Chapter 60 of the Laws of 1943.

"4. That the Alternative Writ of Mandamus must be dismissed as the only power resting with the Court is to order a rehearing under proper proceedings before the State Board of Education."

The power to employ and discharge teachers and other employees is reposed in

municipal boards of education. N.M.S. 1941 A. 55-807 and 55-907.

The legislature has recognized the sound public policy of retaining in the public school system teachers who have become increasingly valuable by reason of their experience and has, by statute, assured these public servants an indefinite tenure of position during satisfactory performance of their duties. Ortega et al. v. Otero, 48 N. M. 588, 154 P.2d 252; Reed v. Orleans Parish School Board, La.App., 21 So.2d 895. In order to protect this tenure, the legislature has provided that a teacher who has been properly notified that his services will not be continued for the ensuing year, may, at his own discretion appear before the local board for a hearing.

The purpose of the hearing provided by the Statute is to develop the reasons or grounds which have moved the local board to notice the teacher of its desire to discontinue his services and afford him an opportunity to test the good faith and sufficiency of same. It must be fair and just, conducted in good faith and dominated throughout by a sincere effort to ascertain whether good cause exists for the notice given. If it does not or if the hearing conducted was a mere sham, then justification for the local board's action is lacking.

In 47 A.J., page 398, Section 140, the writer states:

"The purpose of the procedure prescribed by tenure statutes for the dismissal of a teacher or other professional employee is to prevent arbitrary action by school boards; to afford a fair hearing before dismissal, and to provide for full, impartial, and unbiased consideration of the testimony produced. * * *"

Chapter 60, Laws of 1943, in its essential provisions provides as follows:

"Section 1. That Section 55-1111 of the New Mexico Compiled Statutes of 1941 being Section 1, Chapter 202 of the New Mexico Session Laws of 1941 be and the same is hereby amended so as to read as follows:

" '55-1111. On or before the closing day of school in each school district in the State, whether rural, municipal or otherwise, the governing board shall serve written notice upon each teacher or other employee certified as qualified to teach in the schools of the State and by it then employed, stating whether it desires to continue or discontinue the services of such teacher or employee for the ensuing school year. Notice to discontinue the service of a teacher properly certified and who has served a probationary period of two years in a particular district shall specify a place and date, not less than five (5) days nor more than ten (10) days from the date of mailing such notice, at which time said teacher may, at his discretion, appear be-

fore the Board for a hearing. If the decision of the governing board is not satisfactory to the teacher, he may appeal to the State Board of Education within ten days from date of hearing and should the State Board of Education find alleged causes insufficient for termination of his services, said teacher shall be considered employed for the following year under the terms of his then existing contract. * * *

"' Failure to serve such notice shall be construed as a renewal of such employment for the ensuing year, unless, within fifteen (15) days after the closing date of school within the district, such employee shall serve written notice upon such governing authority that he or she does not desire such contract to be renewed.' "

It will be observed that the foregoing Act grants qualified teachers among other things, three distinct rights:

1. That notice be given to the teacher on or before the closing day of school of the local Board's desire to discontinue his services. This right is given to all teachers certified to teach, whether they have served one or ten years. The court found, and it is agreed by all parties, that the local board complied with this provision of law.

█ 2. The right, upon discharge, to be heard by the local board, if he so desires. This right is not given to all teachers who are entitled to the above provision, but only to teachers who have served a probationary period of two years. The record discloses that appellant was not afforded a fair and legal hearing by the local board, as provided for by law. However, this does not become material in the case at bar, in as much as appellant appealed this action to the State Board of Education. We are of the opinion, that when he appealed he waived the errors committed by the local board.

3. The right of appeal. Under this provision appellant was entitled to a fair and legal hearing before the State Board of Education with an opportunity accorded him to present his evidence in defense of the charges lodged against him and the right to be confronted by witnesses testifying against him and be allowed to cross examine them. If after the hearing, the State Board should find the alleged causes insufficient for termination of his services, then and in that event the teacher shall be considered employed for the following year under the terms of his then existing contract. The record reveals, and the lower court so found, that the State Board of Education did not comply with this provision in that it did not afford appellant a hearing as is provided by law.

█ Appellant earnestly contends that the written contract which he held at the close of the 1944–45 school term was renewed by operation of law, for the reason that the notice and hearing required by the

act are so inextricably inter-related and mutually dependant one upon the other, that the failure to afford appellant a hearing rendered the notice void and an absolute nullity in law. With this contention we do not agree.

If the legislature had intended that failure to afford the teacher a proper hearing should operate automatically to renew the contract of employment, as in the case of failure to serve notice of the local board's desire with reference to continuance or discontinuance of the services of such teacher, it would have been a very simple matter to make known this intention by merely inserting the language "or afford such hearing" after the phrase "failure to serve such notice," followed by the declaration that the omission should be construed as a renewal of the contract of employment for the ensuing year. This it did not do and we should not perform the legislative function of supplying the omission.

The petitioner was entitled to a fair and legal hearing and to know all of the evidence upon which the State Board of Education based its findings and decision. The plain dictates of justice required it to disclose the facts it knew, if it intended to consider them, also to permit appellant to present his side of the case and to cross-examine witnesses testifying against him. If the hearing was conducted in the manner borne out by the record, then appellant was deprived of the right given him by the Act which prohibited his removal unless the alleged causes were substantiated by evidence at the hearing. American Employers' Ins. Co. v. Commissioner of Insurance, 298 Mass. 161, 10 N.E.2d 76; Boott Mills v. Board of Conciliation and Arbitration, 311 Mass. 223, 40 N.E.2d 870; Graves v. School Committee of Wellesley, 299 Mass. 80, 12 N.E.2d 176; Burns et al. v. Thomas Cook & Sons, Inc., et al., 317 Mass. 398, 58 N.E.2d 150.

It is our opinion, and we so hold, that the failure of the State Board of Education to afford appellant a fair and legal hearing as required by the Act did not of itself renew his contract by operation of law. What the petitioner has been denied is the hearing before State Board of Education to which he was entitled under the law. This being a clear legal right is enforcible by mandamus (Carson Reclamation District v. Vigil, 31 N.M. 402, 246 P. 907), a remedy to which he may be entitled still.

Finding no error the judgment of the district court is affirmed.

It is so ordered.

SADLER, C. J., and BRICE and HUDSPETH, JJ., concur.

BICKLEY, Justice (dissenting).

The difference of viewpoint of the majority and my own is basic and fundament-

al. The value, if any, of a dissenting opinion concerning the meaning of legislative enactments, if there is room for argument, is, that our leaders may lay the matter before the Legislature for clarification.

Prior to the enactment of Ch. 60, L. 1943, which amended Sec. 55-1111 of N.M.S.A. 1941, the governing school board was required on or before the closing day of school in each school district in the State to make up its mind which of the teachers it desired to continue in the service and the services of which of them it desired should be discontinued. Following the formation of a desire, the school board was required to serve written notice upon each teacher on or before the closing day of school containing a statement of its desire one way or the other.

The law required nothing of the board with respect to its mental processes or procedures in reaching decisions as to its desires. The decision of the board preceded the notice to the teacher. The board was not required to state the reasons or causes for its decision. Such decision was final and not subject to review. That statute was a part of the Teachers' Tenure Law which is justified upon the theory that its purpose is to promote good order and the welfare of the State and of the School System by preventing the removal of capable and experienced teachers at the political or personal whim of changing office holders. See State ex rel. Anderson v. Brand, 214 Ind. 347, 5 N.E.2d 531, 913, 7 N.E.2d 777, 13 N.E.2d 955, 110 A.L.R. 778.

Further, as to the purpose of such laws we said in Ortega v. Otero, 48 N.M. 588, 154 P.2d 252, 255:

"What is known as Teachers' Tenure Acts have been adopted in most of the states of our union, the objects of which are to encourage men and women to make a lifetime profession of teaching and to stimulate them to seek positions in the school system requiring the qualifications of teachers, and to protect them in their employment from the whims of those possibly politically minded, and to insure their continuance in such employment."

And in Hogsett v. Beverly School Dist., 1936, 11 Cal.App.2d 328, 53 P.2d 1009, 1011, the court remarked that the provisions of the School Code for permanent tenure of employees should receive a construction "in harmony with their well-understood purpose." And the Court in State ex rel. Clark v. Stout, 206 Ind. 58, 187 N.E. 267, held that the Teachers' Tenure Statute should not be strictly but liberally construed as against a teacher to affect the general purpose of such acts, since they are legislation in which the public at large is interested

With this background as a guide to its purpose the Legislature of 1943 introduced the amendment as follows:

"Notice to discontinue the service of a teacher properly certified and who has served a probationary period of two years in a particular district shall specify a place and date, not less than five (5) days nor more than ten (10) days from the date of mailing such notice, at which time said teacher may, at his discretion, appear before the Board for a hearing. If the decision of the governing board is not satisfactory to the teacher, he may appeal to the State Board of Education within ten days from date of hearing and should the State Board of Education find alleged causes insufficient for termination of his services, said teacher shall be considered employed for the following year under the terms of his then existing contract. Provided said teacher shall be entitled to any additional compensation allowed other teachers of like qualifications and experience employed in the same unit or system. Provided further that teachers holding war emergency certificates and teachers whose professional qualifications are otherwise below those normally required by the governing boards, and teachers employed to fill positions of teachers who have entered the military service, shall not be entitled to the benefits specified in this act."

Thus the Legislature tightened up the Teachers' Tenure Act and put further restraints upon the exercise of power by the local school boards to interfere with the continuity of the teachers' tenure.

As to "a teacher properly certified and who has served a probationary period of two years in a particular district," the board could form a desire to discontinue the services of such a teacher, but such desire and the expression thereof would only be tentative, contingent and interlocutory, coupled with a fulfillment of conditions precedent and attached, before the nebulous desire could ripen into a *decision* to discontinue the services of such a teacher.

It is clear from the amendatory act that the effective decision to discontinue such services must be reached *after* a hearing is conducted by the board to consider the alleged causes for discontinuance.

It is this *decision* made after hearing that has the effect to terminate or continue the services of the teacher under investigation. No procedure preliminary to this decision has that effect.

Under the former practice and directions a desire to discontinue a teacher's services carried with it an uncontrolled predetermined decision to discontinue such services. The notice to the teacher was merely the verdict. That is not now so as to teachers in the probationary class. The notice of a desire to discontinue the teacher's services which must contain or be accompanied by specifications of alleged causes for termination of the services is in no way final, but is merely a preliminary

step in the statutory procedure, which when followed *may* result in a *decision* to discontinue such services.

In conference some of my able associates expressed the view that under this statute the teacher is merely accorded an opportunity to explain away groundless causes which may have motivated the giving of the notice. That would be placing the burden on the teacher where in my opinion it does not rest. It is rather in accord with our American concepts that they who assert causes for depriving one of a substantial right must discharge the burden of substantiating the charges. The procedure is harsh enough in that the members of the school board formulate the specifications of causes for termination of the services of the teacher and also sit as the trial men at the hearing to determine whether the truth thereof is established, and then to render a decision whether to continue or discontinue the teacher's services. In these circumstances the board ought to be held to a full measure of performance of everything that is required of it. To my mind the Legislature has said in effect that the school board cannot discontinue the services of a teacher who has served the probationary period in a particular district except in the mode and manner specified in the statute.

In the case at bar the school board did not reach the required decision to discontinue the services of Mr. Stapleton, the Petitioner, who has served nearly a quarter of a century as a school man and who is within the protection of the 1943 amendment quoted supra. All, including the District Court, have concluded that this teacher was not accorded a hearing as required by the mandate of the statute.

It follows that any purported decision of the school board is a nullity and that the services of this teacher—petitioner have not been terminated.

It is my view that even if the teacher who has been notified that he may, at his discretion, appear before the school board for a hearing on the *alleged causes* for the termination of his services, fails to appear the board is not relieved of its duty to the public to conduct a hearing to sift out and determine the sufficiency and truth of the specification of the alleged causes. Until they do that they are not·circumstanced to make a decision that the services· of the teacher shall be terminated. For want of a better term, I think a decision *after hearing* to discontinue such services is jurisdictional and until made as provided by law the employment of the teacher continues until discontinued in the mode and manner specified in the statute.

The majority state appellant's contention thus:

"Appellant earnestly contends that the written contract which he held at the close

of the 1944-45 school term was renewed by operation of law, for the reason that the notice and hearing required by the act are so inextricably inter-related and mutually dependant one upon the other, that the failure to afford appellant a hearing rendered the notice void and an absolute nullity in law."

I agree with this contention although as heretofore seen, I do not find it necessary to rely upon language of the statute which accords the teacher a presumption of renewal of employment. I go a bit further and say that as to teachers of Mr. Stapleton's status the notice referred to in the 1943 Amendment serves no effective purpose except as a notice of hearing with a specification of the alleged causes for discontinuance of services and absent a hearing is entirely inefficacious to disturb the status of the teacher in his contract relations with the school board.

Lengthy quotations from authorities in support of my views would be out of place. I refer the reader to an annotation in 110 A.L.R. entitled "Teachers' tenure statutes" and a supplementary annotation on the same subject in 113 A.L.R., page 1485 and a further supplementary annotation on the same subject in 127 A.L.R., page 1298.

Another thing in the majority opinion that I cannot agree with is the decision that on a teacher's appeal from the action of a local school board in undertaking to terminate his services he is entitled to a trial de novo.

I think that too little attention has been given by the majority to the absence of the trial of the alleged causes before the local school board, perhaps due to the fact that everybody connected with the case in the District Court seemed to agree with a dictum of counsel for respondents in referring to the hearing at the meeting of the local board that, "it doesn't make any difference what happened there if he is entitled to a trial de novo at the State Board." This might be true for practical purposes except for the needless and burdensome expenditure of money and time and effort. But if the teacher is not entitled to a trial de novo, as a matter of right, the argument is not a valid one. The majority state it as their opinion that the failure of the local board to give petitioner a hearing is immaterial since when he appealed he waived the errors committed by the local board. This is based on the view that he would be entitled to a trial de novo on appeal.

In Chiordi v. Jernigan, 46 N.M. 396, 129 P.2d 640, we decided that an appeal to the District Court from an order of the Chief of Division of Liquor Control does not allow a trial de novo simply because the statute does not provide therefor. This seems to be in accord with the general

rule. In 5 C.J.S., Appeal and Error, § 1525, it is said:

"Under statutes giving the right of appeal no case can be tried de novo in the appellate court unless such statute expressly permits or directs such a course to be pursued;"

I think the same principle prevails where the appeal is taken from one administrative board to another administrative board. Our statutes provide in a number of instances for trial de novo on appeal from the actions of administrative boards. On the other hand, in other instances a limited review is provided for upon the record made in the inferior tribunal. See Chiordi v. Jernigan, supra. Another illustration may be found in the School Code. Under 1941 Comp. Sec. 55-1113 it is provided that no teacher having a written contract shall be *discharged* except upon good cause and after hearing on written charges. And, it is further provided:

"Such teacher shall have the right to appeal within ten (10) days to the state board of education, which board shall hear the matter de novo at a time and place to be fixed, etc."

In Bourne v. Board of Education of City of Roswell, 46 N.M. 310, 128 P.2d 733, we decided:

"Statute requiring notice and hearing before a teacher with a contract may be discharged and preserving right of appeal to state board of education relates to a different subject matter than that contained in statute creating a presumption of re-employment under certain circumstances and does not operate to give state board of education control of discretion of local boards in matters of employment of teachers. Laws 1941, c. 202, §§ 1, 3."

And, in our opinion we said:

"There is quite a difference between discharge from employment and not being reemployed. It is noted even in the case of implied renewal of employment, the teacher is not obliged to enter into a renewal of the contract.

"No unfavorable implications necessarily arise from not being re-employed, whereas discharge from existing employment without good cause, explanation, or a hearing, would be attended with injustice and hardship."

I see no good reasons for attempting to assimilate the procedure under Sec. 55-1113 to Sec. 55-1111, which is silent on the subject of trial de novo. This case arises under Sec. 55-1111 and is so treated in the majority opinion and elsewhere.

In my judgment the review by the state board is a limited one to enable such state board to conclude whether even assuming the "alleged causes" are substantiated by evidence in the record of the hearing before the local board, such alleged causes are sufficient to warrant the termination

of the services of the teacher under investigation. At most it seems to me that the power of the state board is limited to a review of the facts as developed in the hearing before the local board with a view of determining whether the "alleged causes" are (a) sufficient for termination of the teacher's services and (b), if so, whether such alleged causes are established by substantial evidence at a hearing by the local board.

I am reliably informed that the state board has generally asserted the view that they are not authorized on such appeals under Sec. 55-1111 to proceed with a trial de novo and that it has been the usual practice in case the local board has failed or refused to conduct a hearing to conclude that such teacher is entitled to a renewal of employment for the ensuing year.

It is my view that if in case of an appeal by the teacher under Sec. 55-1111, it appears that no hearing was conducted by the local school board, the state board does not have original jurisdiction or power to terminate the teacher's services. In other words, there not having been a hearing by the local board as required by Sec. 55-1111 and consequently no effectual *decision* of such local board to terminate the services of the teacher having been made, there is nothing for the state board to review or do except possibly to dismiss the proceeding and the teacher's services have not been terminated. The situation is controlled by

the principle announced in Chaves v. Perea, 3 N.M. (Gild.) 89, 2 P. 73, that the appellate tribunal cannot take jurisdiction except for the purpose of dismissal unless the inferior tribunal had acquired jurisdiction. The local school board did not acquire jurisdiction to reach a decision to discontinue the service of petitioner without first conducting a hearing as provided by the statute.

For the reasons stated, I dissent.