287 P.2d 423

Henry E. ANDREWS, Petitioner-Appellant,

v.

E. S. WALKER, Commissioner of Public Lands of the State of New Mexico, Respondent-Appellee.

No. 5904.

Supreme Court of New Mexico.

Aug. 17, 1955.

Rehearing Denied Sept. 26, 1955

P. H. Dunleavy, Albuquerque, for appellant.

Nordhaus & Moses, Albuquerque, amicus curiae.

Richard H. Robinson, Atty. Gen., Seth & Montgomery, Santa Fe, Anthony J. Albert, Sp. Asst. Attys. Gen., for appellee.

LUJAN, Justice.

This is an appeal from a judgment of the district court of the First Judicial District quashing alternative writ of mandamus theretofore issued and dismissing petitioner's cause of action.

The Commissioner of Public Lands will hereafter be referred to as the respondent and the petitioner as the relator.

On January 6, 1954, the relator filed an application for lode prospecting permits in the office of respondent covering nine claims located in McKinley County, together with a filing fee of $9, as provided by law. On January 27, 1954, Anthony J. Albert, a land office attorney, wrote a letter to E. B. "Ted" Chase, Andrew's attorney, at Albuquerque, New Mexico, informing him that on January 6, 1954, he had advised both him and relator that a valid placer prospecting permit had been issued to one W. T. Old, Jr., as of March 31, 1953. He further informed said attorney that respondent had denied relator's application and returned his check. Thereafter relator

filed his petition for a writ of mandamus in the district court of Santa Fe County, seeking to compel respondent to issue to him lode prospecting permits for each parcel of land described in his petition. On February 4, 1954, the district court issued an alternative writ of mandamus commanding respondent to immediately issue the lode prospecting permits to relator or show cause on a certain day why he had not done so. An answer was filed by respondent, and after a hearing, the alternative writ was quashed and the cause dismissed with prejudice, therefore this appeal.

In his answer, respondent, among other things, alleged that relator had a complete and adequate remedy at law under the provisions of sections 8–864 and 8–866 of 1941 Compilation, Sections 7–8–69 and 7–8–71 of 1953 Comp.

The district court by its order of dismissal held that the relator had a plain, speedy and adequate remedy in the ordinary course of law.

The relator contends that the court erred in so holding and assigns the same as one of the errors upon which he claims the court should be reversed. This contention is without merit. The statute specifically provides that the writ shall not issue in any case where there is a plain, speedy and adequate remedy in the ordinary course of law. § 22–12–5 of 1953 Compilation.

§ 7–8–71 of 1953 Compilation, provides:

"Any person aggrieved by any decision of the commissioner may appeal to the district court of any county wherein any portion of the land as to which any such right, title or interest is in controversy, is situated, by filing with the commissioner, within sixty (60) days after the rendering of any such decision, a motion praying such appeal, and also a bond, with two (2) or more sufficient sureties, to be approved by the commissioner, conditioned that appellant shall prosecute said appeal with diligence and effect, and abide by the decision of said court, * * *."

This section provides an adequate remedy at law in the event the relator is aggrieved by the action of respondent. By reason of the existence of this adequate remedy at law mandamus does not lie to compel the duties alleged to be due relator. See, Beronio v. Pension Commission of City of Hoboken, 130 N.J.L. 620, 33 A.2d 855, 859; Hankins v. State ex rel. Miller, 217 Ind. 225, 27 N.E.2d 365; State ex rel. Schneider v. Bourke, 338 Mo. 86, 89 S.W.2d 31; Eaton v. City of Newark, 128 A. 377, 3 N.J.Misc. 363; De Vito v. Uto, 253 Mass. 239, 148 N.E. 456. See, also, Justice Brice's specially concurring opinion in Burguete v. Del Curto, 49 N.M. 292, 304, 163 P.2d 257.

We conclude that relator, having taken no appeal to the district court from the decision of respondent, has not exhausted

his statutory remedy and therefore is not entitled to the writ.

There are other interesting matters raised in respondent's answer, but they will not be considered in view of our disposition of this appeal.

The judgment is affirmed.

It is so ordered.

COMPTON, C. J., and SADLER, McGHEE and KIKER, JJ., concur.