362 P.2d 979

Manuel S. SANCHEZ, Petitioner-Appellee,

v.

BOARD OF EDUCATION OF the TOWN OF BELEN, New Mexico, and Santiago Marquez, Gillie Sanchez, Arthur W. Llewelyn, Elmer W. Atwood and Josto Gabaldon, constituting the Members of said Board, Respondents-Appellants.

No. 6730.

Supreme Court of New Mexico.

June 21, 1961.

Chavez & Cowper, Belen, for appellants.

Avelino V. Gutierrez, R. J. Matteucci, Albuquerque, for appellee.

CARMODY, Justice.

Respondents appeal from the action of the trial court in granting a peremptory writ of mandamus, which directed respondents to reinstate petitioner as a public school teacher, to tender him a written contract for the year 1959–1960, and to pay him his salary for the school year of 1958–1959.

For ease in understanding, petitioner will be referred to as "Sanchez," and respondents as "the board."

The controversy arose when, during the early part of May 1958, the board was considering the reemployment of its teachers for the ensuing year. Sanchez had taught school for thirty years and was within the provisions of the Teachers' Tenure Act, and, in addition, was eligible for voluntary retirement under the Retirement Act. He did not come under the mandatory provisions of this latter act. See, § 73–12–68, N.M.S.A.1953, 1959 Pocket Supp. One way or another, Sanchez was advised that he could be retired, and that otherwise charges would be brought against him by the board. In any event, Sanchez was convinced that he should voluntarily retire, and the board did not serve any charges against him in view of this action. He was formally advised that his contract was not renewed and that he was recommended to be placed on retirement status. During the next few days, the necessary retirement forms were completed and, after the close of the school year, forwarded to the proper office in Santa Fe for final processing. A few days thereafter, Sanchez journeyed to Santa Fe and received information that he could not be forced to retire, so final action on the retirement was deferred indefinitely at the state level. As a result, he advised the board by letter that their action was improper and requested a hearing by the board on its retirement decision. In August, the board held what is termed a "hearing," but refused to reverse their decision as to retirement. Thereafter, Sanchez sought a review by the state board of education, but was initially refused because there had been no formal hearing before the local board, and upon a later application to the state board the decision of the local board was upheld. Sanchez then filed this action, to require the board to reinstate him and to pay his compensation for the intervening period.

The underlying circumstances seem to be that the board, seeking to avoid the difficulty and possible embarrassment of a formal hearing, felt that retirement was the proper solution. The board still contends that it is not a question of the contract either being renewed or Sanchez discharged, but merely a matter of retirement, Sanchez to the contrary insisting that he was discharged. The fact that Sanchez changed his mind after the end of the school year makes the problem somewhat more confused, because of the fact that the statute, hereafter mentioned, seems to contemplate a notice before the end of the school term. An additional practical difficulty seems to have arisen, perhaps on the basis of terminology, because Sanchez has at all times sought to have the board reconsider his proposed retirement, as distinguished from seeking a formal hearing upon the charges against him.

The record is clear that there has never been a formal hearing, or a request therefor, as to the actual charges against Sanchez. The trial court found that the claimed retirement was forced, or involuntary, and that therefore Sanchez was discharged. This finding, though attacked, is based upon substantial evidence, and we will consider it as conclusive under our holdings too numerous to mention. Thus, the controversy revolves around the construction of § 73–12–13, N.M.S.A.1953, 1959 Pocket Supp., and, allied thereto, whether mandamus as sought by Sanchez is available.

With respect to the remedy of mandamus, §§ 22–12–4 and 22–12–5, N.M.S.A.1953, provide:

"22–12–4. Purpose of writ—Judicial discretion not controlled.—It may be issued to any inferior tribunal, corporation, board or person, to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station; but though it may require an inferior tribunal to exercise its judgment, or proceed to the discharge of any of its functions, it cannot control judicial discretion."

"22–12–5. Adequate remedy at law —Writ will not issue—Who may obtain writ.—The writ shall not issue in any case where there is a plain, speedy and adequate remedy in the ordinary course of law. It shall issue on the information of the party beneficially interested."

The pertinent provisions of the statute involved are as follows:

"73–12–13. Written notice of desire to continue or discontinue teacher's service—Hearing by governing board —Procedures prescribed by state board of education in dismissal proceedings —Causes for dismissal—Appeals to state board of education on decisions of governing boards—Appeal to district court—Teachers' contracts.—(a) On or before the closing day of each school year the governing board of education, hereinafter referred to as the governing board, of each school district in the state, whether rural, municipal or otherwise shall serve written notice of reemployment of or dismissal upon each teacher by it then employed, certified as qualified to teach by the state board of education, hereinafter referred to as the state board. Written notice of placement shall also be given to such qualified teachers employed by county boards of education on or before the closing day of school of each year.

"(b) The notice of dismissal required under subsection (a) of this section to a certified teacher who has taught in a particular county or other particular administrative school unit

for three (3) consecutive years and holds a contract for the completion of a fourth consecutive year in a particular district shall specify a place and date for a hearing not less than five (5) days nor more than ten (10) days from the date of service of such notice at which time the teacher may appear. Notice of dismissal shall contain a statement of the cause or causes for dismissal upon which the governing board bases its decision to terminate the service of any teacher. Causes for dismissal of teachers shall be any such causes specified in the uniform contract approved by the state board for New Mexico school teachers or any other good and just cause. Personal service of such notice shall be made as provided by law for civil service of process and proof thereof shall be made by the affidavit of the person making such service. Any teacher aggrieved by the decision rendered after such hearing by the governing board may within ten [10] days from the date of receipt thereof appeal to the state board.

"(c) Upon the filing of an appeal under subsection (b) of this section the state board shall without delay require the governing board to file with it a transcript of the record and upon receipt of such transcript shall review the case and determine whether or not the appeal should be allowed or denied. If the appeal is allowed the state board shall review the procedures followed by the governing board from the inception of the cause or causes upon which original decision of the governing board to terminate the service of the teacher were based. If the state board finds in writing that there exists a substantial departure prejudicial to the appellant-teacher from the procedures prescribed by the state board under subsection (d) of this section for governing boards in the dismissal of teachers, such teacher shall be considered employed for the following year under the terms of his existing contract and shall be entitled to any additional compensation allowed other teachers of like qualifications and experience employed in the same school system or administrative school unit. Any teacher or governing board aggrieved by decision of the state board may appeal to the district court, at which time a trial de novo of all matters of law and fact shall be had.

"(d) The state board shall prescribe procedures for governing boards to be followed in the dismissal of teachers * * *.

"(e) Every teacher who receives a notice of reemployment under subsection (a) of this section shall within fifteen [15] days from the receipt of

such notice deliver to the governing board his acceptance or rejection of such reemployment in writing and every teacher who is finally successful on appeal to the state board from a decision of dismissal by the governing board within fifteen [15] days from the receipt of notice thereof shall similarly notify the governing board. The acceptance by the teacher of reemployment as contained in the notice of reemployment or in the decision of the state board shall stand in lieu of the formal contract until the latter is executed. * * *"

It should be apparent that, under the circumstances here present, there must be a notice of dismissal containing the causes therefor, and a hearing in conformity with the law. A refusal to grant him such a hearing would probably warrant the granting of a writ of mandamus to require a hearing, but such was not the relief sought nor granted. Such a remedy may still be available should the board continue to refuse to follow the clear direction of the statute.

The statute aforementioned has been revised on frequent occasions, quite often following a decision from this court. However, the present act bears only a general resemblance to the former acts, and therefore our construction of former acts in Stapleton v. Huff, 1946, 50 N.M. 208, 173 P.2d 612; Jones v. Board of School Di-

rectors of Independent School Dist. No. 22, 1951, 55 N.M. 195, 230 P.2d 231, and McCormick v. Board of Education, etc., 1954, 58 N.M. 648, 274 P.2d 299, cannot be considered as a construction of the present act.

One of the obvious purposes of the statute was to provide for a full and complete administrative procedure in event a teacher with tenure was dismissed. However, the statute does not grant to the teacher a new contract, merely because the procedures are not followed. This is a definite distinction between the present act and the provisions of Ch. 202 of the Laws of 1941 and Ch. 60 of the Laws of 1943, the latter of which we considered in Stapleton v. Huff, supra. Formerly, the statute provided that failure to serve notice would be considered as a renewal. (See, Laws of 1941 and 1943, supra). As the statute now appears, a new contract results following written notice of reemployment, or, in the case of dismissal, when the state board finds that the local board substantially departed from the proper procedures to the prejudice of the teacher.

The end result of the trial court's decision in the instant case is to completely by-pass the administrative portions of the act and, after by-passing the same, to substitute the court's judgment for that of the board or the state board. This would appear to be proper under the statute on appeal from the decision of the state board,

at which time a trial de novo is provided. Such a course under the statute is plain, speedy and adequate. But here, instead of following the statutory appeal to the district court, Sanchez elected to proceed by mandamus. His failure to follow the statutory remedy plainly negatives his right to proceed by mandamus.

We realize that what now appears as the arbitrary action of the board could have been rectified by the giving of a proper notice of charges, the setting of hearing and holding the same, if the parties had not become so involved in their construction of the legal effect of Sanchez' involuntary attempt at retirement. We are not concerned with which of the parties might 'lose face' by retreating from their respective positions—the duty was on the board to serve notice of the hearing containing a statement of the causes for dismissal, and we see little merit in the board's claim that the burden was on Sanchez to make the initial request. We also, under these particular facts, feel that, the retirement being involuntary, the statute (§ 73–12–13, supra) is sufficiently broad so as to be considered as applying as of the date of the original written notice of retirement (May 8, 1958), and the status of the parties shall revert to that time as to any further proceedings in the instant controversy.

The present case differs materially from Stapleton v. Huff, supra, both in the fact that there the former statute was being considered, and also by reason of the fact that notice was given to discontinue the services in that case. However, otherwise we are of the opinion that the decision should be followed as to the remedy in mandamus. The failure of the local board and the state board to grant Sanchez the required hearing deprived him of the right given him by the act, which assured him of tenure unless removed in accordance with the statute, but the statute contemplates the administrative hearing before one has the right to apply to the court for the reinstatement or renewal of the contract. The court is available to determine legal questions as to the construction of the statute, and to require, if necessary, that an administrative board hold a hearing. But in the instant case the court went beyond this province.

Sanchez cannot seek to enforce a right under the statute and in the same breath fail to utilize the procedures allowed him thereunder. We conclude that Sanchez has not exhausted his statutory remedy, and therefore is not entitled to the writ as issued. See, Andrews v. Walker, 1955, 60 N.M. 69, 287 P.2d 423; and Stapleton v. Huff, supra.

This matter has been long delayed, and we trust that from what we have said herein the parties can now proceed to expeditiously conclude their disagreement, with the end in view that, although the tenure

statute is for the benefit of the teachers and a procedural guide to the school boards, above all, it is designed to promote better education for the children of this state.

Other matters are raised in the briefs, but, by reason of our determination, it is not necessary for us to pass upon them.

It is therefore ordered that the judgment of the district court is reversed and the cause remanded with instruction to quash the writ and enter judgment in favor of the defendants.

It is so ordered.

COMPTON, C. J., and CHAVEZ, J., concur.

MOISE and NOBLE, JJ., not participating