501 P.2d 195

Burnice Joe BIRDO, Jr., Plaintiff-Appellant,

v.

Felix RODRIGUEZ et al., Defendants-Appellees.

No. 9444.

Supreme Court of New Mexico.

Sept. 22, 1972.

Peter B. Shoenfeld, Santa Fe, for plaintiff-appellant.

David L. Norvell, Atty. Gen., Thomas A. Donnelly, Special Asst. Atty. Gen., Santa Fe, for defendants-appellees.

OPINION

STEPHENSON, Justice.

Mr. Rodriguez is warden of the penitentiary where the appellant is an inmate.

The latter filed, pro se, in District Court a "Petition to Show Cause" wherein he stated himself to be an indigent person, although he did not request appointment of counsel.

The District Court entered an order for free process, but sua sponte dismissed the petition for failure to allege facts upon which relief could be granted.

The petition asks the court to "have the Respondent to show cause, as to why he (the appellant) should be subject to cruel and unusual punishment." The appellant says in the petition that:

1. He is in solitary confinement on a restricted diet, but has not been advised of the reason.

2. He is forced to sleep in solitary confinement in an extremely cold cell, where there are rats and cockroaches and other insects.

3. He is subjected to "constant harassment and extreme mental cruelties" to the damage of his health.

The appellant argues that the court below lacked the power to dismiss the petition sua sponte and that counsel should have been appointed to represent him. Before dealing with these contentions we will consider the adequacy of the petition.

The petition is utterly deficient. Clearly it is civil in nature, and seeks some form of extraordinary relief. In this, appellant agrees and states it seeks prohibition or mandamus. It cannot be the former so it must be the latter. Indeed, it does seem to fall most naturally into the field of mandamus, but compliance with the requirements of § 22–12–6, N.M.S.A., 1953, which governs content of writs of mandamus has not been had. There is no statement of facts showing respondent's obligation to perform any particular act. Nor are the essential elements inferable from what is said in the petition.

We have in mind that the petition was not prepared by an attorney and regard it with a tolerant eye. Nevertheless such pleadings, however inartfully expressed, must tell a story from which, looking to substance rather than form, the essential elements prerequisite to the granting of the relief sought can be found or reasonably inferred. This would be the rule which we would apply in the case of a law abiding citizen appearing pro se in a civil action. We are not disposed to adopt a more tolerant view of this petition because it emanates from a convicted felon.

Not only does the petition fail to state a claim on which relief can be granted, it goes further and demonstrates that the appellant is entitled to no relief. Complaints such as the appellant advances should be dealt with at the administrative level, at least in the first instance. Section 42–1–20, N.M.S.A., 1953 provides:

"The board of penitentiary commissioners shall have power, and it shall be their duty, to examine and inquire into all matters connected with the government, discipline and police of said penitentiary and the punishment and treatment of the prisoners; they shall inspect them, listen to any complaints of oppression or misconduct on the part of the superintendent or any of the other employees under him, and for that purpose the president or any member of the board, while acting under the direction of said board, shall have power to issue subpoenas and compel attendance of witnesses and to administer oaths."

That this statutory procedure was not utilized or followed is inferable from the absence of any statement to the contrary in the petition.

This court has held that mandamus will not lie when the relator has failed to pursue a statutory right to appeal to district court from an administrative decision. Sanchez v. Board of Education of Town of Belen, 68 N.M. 440, 362 P.2d 979 (1961); Andrews v. Walker, 60 N.M. 69, 287 P.2d 423 (1955). Similarly, mandamus does not lie when the relator has failed to exhaust an adequate administrative remedy provided by statute. Shepard v. Board of Education of Jemez Springs Municipal

Schools, 81 N.M. 585, 470 P.2d 306 (1970). Because appellant has failed to pursue the administrative remedy provided by § 42–1–20, he is barred from relief at this juncture. § 22–12–5, N.M.S.A.1953.

■ Turning to a consideration of the petitioner's first argument—that the trial court lacked power or jurisdiction to dismiss sua sponte—we are of the opinion that the trial court had that power. Benally v. Pigman, 78 N.M. 189, 429 P.2d 648 (1967); Baker v. Sojka, 74 N.M. 587, 396 P.2d 195 (1964); 24 Am.Jur.2d Dismissal, Discontinuance, and Nonsuit § 69. See also Martin v. Leonard Motor—El Paso, 75 N.M. 219, 402 P.2d 954 (1965).

Most of our cases which deal with a court's inherent power to dismiss have considered the application of Rule 41(e). [§ 21–1–1(41)(e), N.M.S.A.1953] The New Mexico cases we have cited recognize the existence of the power apart from the rule, although delay in prosecution was involved in each case. We are here concerned with a trial court's power to dismiss sua sponte. If it has the power to dismiss a perfectly good complaint for a failure to expeditiously move the case along, as is clear from the cited cases, no apparent reason would preclude the existence of the same power in regard to a complaint which is patently deficient.

■ Removing clutter from the docket and keeping cases moving with dispatch are commendable objectives. State of New Mexico ex rel. S. E. Reynolds, State Engineer v. Molybdenum Corporation of America, 83 N.M. 690, 496 P.2d 1086 (1972). Trial courts have supervisory control over their dockets. This power is recognized by Rule 83 (§ 21–1–1(83), N.M.S.A.1953). Although dismissal sua sponte should be sparingly exercised, we find no abuse of discretion here since inspection of the petition reveals the shortcomings we have detailed.

■ Appellant argues that the trial court should have appointed counsel to represent him pursuant to the Indigent Defense Act, § 41–22–1 et seq., N.M.S.A.1953 (2d Repl. Vol. 6, 1972). His first contact with the court was the filing of the petition. He does not, and indeed could not, claim that the court erred in failing to appoint counsel prior to that time. There is no argument that counsel should have been appointed in connection with the nonexistent administrative proceedings we have held should have been had or in connection with the preparation of the petition.

■ We entertain some doubt whether appellant was prejudiced by failure to appoint counsel in any event. For the reasons we have stated, the petition's fate was sealed. Appellant merely argues that counsel could have consulted with appellant and perhaps been able to formulate a cause of action. Appointment of counsel is not required for such assistance or exploratory evolutions in Rule 93 cases. (§ 21–1–1(93), N.M.S.A.1953) State v. Ramirez, 78 N.M. 418, 432 P.2d 262 (1967); State v. Tapia, 80 N.M. 477, 457 P.2d 996 (1969). We fail to see why appellant should be accorded greater rights here.

The trial court's order of dismissal is affirmed.

It is so ordered.

COMPTON, C. J., and McMANUS, J., concur.