503 P.2d 335

Glenn Alfred ORRS, Jr., Plaintiff-Appellant,

v.

Felix RODRIGUEZ et al., Defendants-Appellees.

No. 929.

Court of Appeals of New Mexico.

Oct. 27, 1972.

**356**

Peter B. Shoenfeld, Santa Fe, for plaintiff-appellant.

David L. Norvell, Atty. Gen., Thomas A. Donnelly, Spec. Asst. Atty. Gen., Santa Fe, for defendants-appellees.

## OPINION

WOOD, Chief Judge.

Orrs, a penitentiary inmate, filed a petition in district court seeking two types of relief. Alleging several items of mistreatment, he sought relief in the nature of mandamus. He also sought damages for three alleged torts. After allowing free process, the trial court, sua sponte, dismissed the petition on the basis that it failed to state a claim upon which relief could be granted. Orrs' appeal asserts the trial court erred in: (1) failing to appoint counsel to represent him and (2) dismissing the petition sua sponte. These contentions are made as to each of the types of relief sought.

*Mandamus claim.*

**■** The issues directed to the claim for relief in the nature of mandamus are disposed of by Birdo v. Rodriguez, 84 N.M. 207, 501 P.2d 195, decided September 22,

1972. *Birdo,* supra, upheld a sua sponte dismissal of a patently deficient petition for mandamus relief and held that failure to appoint counsel in such circumstances was not error. The claims made in *Birdo,* supra, and the claims made by Orrs are factually similar; in both, the pleading was patently deficient and, in both, there was a failure to exhaust administrative remedies. The trial court did not err in dismissing the mandamus claim sua sponte and without appointment of counsel.

*Tort claims.*

**■■** The tort claims are assault, battery and conversion. These are claims for damages in a civil action. Orrs asserts an attorney should have been appointed to represent him in connection with these claims. He relies on the Indigent Defense Act, §§ 41–22–1 to 41–22–10, N.M.S.A.1953 (2nd Repl.Vol. 6). The title to that Act, and the Act's internal wording, makes it clear that the Legislature did not, in that Act, provide that the State was to furnish free counsel for persons pursuing civil damage claims. We do not know of any requirement on the State to provide free counsel in civil damage claims. The trial court did not err in failing to appoint counsel for Orrs in connection with the damage claims.

Orrs asserts the sua sponte dismissal of the tort claims was erroneous because they are claims under which relief can be provided and the dismissal denies him an opportunity to prove these claims.

**■■** Damage claims based on assault, battery and conversion, generally speaking, are claims for which relief can be obtained. See respectively, Mead v. O'Connor, 66 N.M. 170, 344 P.2d 478 (1959); McCauley v. Ray, 80 N.M. 171, 453 P.2d 192 (1968); Molybdenum Corp. of America v. Brazos Engineering Co., 81 N.M. 708, 472 P.2d 971 (1970). The claims made by Orrs do not fit within the general situation. He does not assert his

claims against the person committing the alleged assault, the alleged battery or the alleged conversion. His claims are against the Penitentiary of New Mexico. Thus, his tort claims are against the State of New Mexico and suit based on those claims cannot be maintained in the absence of a specific statute authorizing the suit. Vigil v. Penitentiary of New Mexico, 52 N.M. 224, 195 P.2d 1014 (1948).

■ Orrs asserts authorizing legislation exists, relying on §§ 5–6–18 to 5–6–22, N. M.S.A.1953 (Repl.Vol. 2). We disagree. Section 5–6–20, supra, states: "Suits may be maintained against the state * * * for the *negligence* of officers, deputies, assistants, agents or such employees in the course of employment. * * *" (Our emphasis). Assault, battery and conversion are tort claims, but they are not negligence claims under this statute. 86 C.J.S. Torts § 40; 89 C.J.S. Trover & Conversion § 3. Compare Brown v. Martinez, 68 N.M. 271, 361 P.2d 152, 100 A.L.R.2d 1012 (1961); Taylor v. McBee, 78 N.M. 503, 433 P.2d 88 (Ct.App.1967); and, generally, 5A N.M. Digest, Torts. The authorization for suits against the State in §§ 5–6–18 to 5–6–22, supra, does not extend to damage claims for assault, battery or conversion.

There being no authority for a suit against the Penitentiary of New Mexico based on the damage claims asserted, the trial court did not err in dismissing those claims sua sponte. Birdo v. Rodriguez, supra.

The order dismissing the claims is affirmed.

It is so ordered.

COWAN and HERNANDEZ, JJ., concur.